UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:                                              CHAPTER 13

DONALD ENGLISH, JR.                                 CASE NO:  15-30485

      DEBTOR

NOTICE OF AMENDED CHAPTER 13 PLAN

DONALD ENGLISH, JR. HAS FILED PAPERS WITH THE COURT TO AMEND HIS PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.   YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

NOTICE IS HEREBY GIVEN THAT ANYONE WISHING TO OBJECT TO SAID AMENDMENT MUST DO SO IN WRITING, MUST FILE THE ORIGINAL OBJECTION WITH THE COURT ON OR BEFORE THE TENTH (10TH) BUSINESS DAY PRIOR TO THE HEARING DATE SHOWN BELOW, AND MUST SERVE A COPY OF SAID OBJECTION ON THE ATTORNEY FOR THE DEBTOR, JASON T. BRASWELL, ATTORNEY AT LAW, 1090-C FOUNDERS BLVD, ATHENS, GA  30606.  ANY SUCH OBJECTIONS TO CONFIRMATION OF THE PLAN WILL BE HEARD AT THE HEARING ON CONFIRMATION WHICH IS SCHEDULED FOR **JULY 15, 2015** AT **10:30 A.M.,** IN THE MAIN POST OFFICE BUILDING, HANCOCK STREET, ATHENS, GA.

IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE AMENDMENT AND MAY ENTER AN ORDER GRANTING THAT RELIEF.

 /s/ JASON T. BRASWELL
JASON T. BRASWELL
ATTORNEY FOR DEBTOR
STATE BAR NO:  078373
1090-C FOUNDERS BLVD
ATHENS, GA 30606
(706)548-7070
(706)613-2089
Email: jason@morganlawyers.com

CERTIFICATE OF SERVICE

I hereby certify that the following parties listed on the attached

Mailing Matrix have been served with the attached Notice and Amended Plan.

Those not served by electronic means by the Court's electronic filing system have

been served by U.S. Mail, properly addressed and with sufficient postage to

insure delivery and on the Trustee by ECF.


1st Franklin
PO Box 207
Elberton, GA 30635

Acs/jp Morgan Chase Ba
501 Bleecker St
Utica, NY 13501

Athens Regional Medical Center
1199 Prince Ave.
Athens, GA 30606

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Capital One Auto Finance
3905 N Dallas Pkwy
Plano, TX 75093

Collection Services of Athens
P.O. Box 8048
Athens, GA 30603

Diagnostic Rediology of Anderson
PO Box 966
Anderson, SC 29622

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107

Franklin County EMS
P.O. Box 159
Franklin Springs, GA 30639

Georgia Emergency Medicine
9301 S. Western Ave
Oklahoma City, OK 73139

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Lexington County Family Court
c/o Beth A. Carrigg, Clerk
205 East Main Street, Ste 227
Lexington, SC 29072

Northeast Georgia Bank
P.O. Box 765
Lavonia, GA 30553

Progressive
PO Box 105428
Atlanta, GA 30348

Saf/trustudent
2500 Broadway
Helena, MT 59620

Tom Ogleby
1595 Washington Hwy
Elberton, GA

This _24th_ day of _June_, 2015.

/s/ JASON T. BRASWELL
JASON T. BRASWELL
ATTORNEY FOR DEBTOR
STATE BAR NO:  078373
1090-C FOUNDERS BLVD
ATHENS, GA 30606
(706)548-7070
(706)613-2089
Email: jason@morganlawyers.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DONALD ENGLISH, JR.
DEBTOR                                    *       Chapter 13
                                          *       Case No. 15-30485

**AMENDED CHAPTER 13 PLAN**

1.       The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $400.00 weekly.

2.       From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| NONE | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor.  These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| IRS | $15.00 |
| First Franklin | $25.00 |
| Capital One | $300.00 |
| | |
| | |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Capital One | $30,023.00 | Contract | 2014 Chevrolet Malibu | $709.00 |
|  |  |  |  |  |
|  |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| IRS | $19,285.00 | $500.00 | 2.0% | Tax Lien | $15.00 |
| First Franklin | $2,500.00 | $2,500.00 | 4.0% | 2001 Dodge Ram | $100.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $3000.00  to be paid as follows:

| | MONTHLY PAYMENT AMOUNT |
|---|---|
| Pursuant to the Current Administrative Order on Attorney Fee Awards | |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

NAME OF CREDITOR                           DESCRIPTION OF COLLATERAL

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
| --- | --- |
| | |
| | |
| | |
| | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
| --- | --- |
| Lexington County Family Court | $710.00 |
| | |
| | |
| | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt: Northeast Georgia Bank at contract rate at $200.00 per month set payment.

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:.

(m)  Special provisions:

1.  The liens of the following creditors on the personal property of the debtor(s) are non-purchase money, non-possessory liens which impair exemptions to which the debtor(s) are entitled.  There is no excess equity in any of the items that is not otherwise exemptible.  The fixing of said liens is avoided upon confirmation of the plan pursuant to 11 U.S.C. § 522(f):

2.  Other:
        (a) Each secured creditor whose claim is provided for in paragraph 2(e) above shall release its lien on the collateral securing its claim upon payment in full of its allowed secured claim.
        (b) Notwithstanding the date of filing of any proof of claim or its classification in the Schedules, all objections to proofs of claim shall be reserved and can be pursued after confirmation of the plan.
        (c) Student loans are in deferment and are not to be funded through plan.
        (d) Any unsecured portion of the IRS claim will not be funded through the plan as it was discharged in a prior Chapter 7 case.

(n)  Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

(i)  Debtor will pay all of his disposable income as shown on Form B22C of $0 to the non priority unsecured creditors in order to be eligible for a discharge.

(ii)  If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00.  Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $0 to the general unsecured creditors to be distributed prorata.

(o)  General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

(a)  100.00 % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(b)  the debtor(s) will make payments for _____ months and anticipates a dividend of _____%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p)  Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor(s), remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above.  Property of the estate not paid to the trustee shall remain in the possession of the debtor(s).  All property in the possession and control of the debtor(s) shall be insured by the debtor(s).  The Chapter 13 trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q)  Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference actions will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date: June 24, 2015                          /s/  Donald English, Jr._____
                                             Debtor